DUNCAN *v.* HARRISON HOTEL COMPANY.

[No. 16,778. Filed December 5, 1941.]

84

*C. Byron Hayes,* of Fort Wayne, for appellant.

*Barrett, Barrett & McNagny* and *James S. Helms,* all of Fort Wayne, for appellee.

FLANAGAN, J.—This is an appeal from an award of the Industrial Board denying compensation to appellant, Thelma F. Duncan, widow of Robert L. Duncan.

On September 16, 1939, Robert L. Duncan was employed as a chef by appellee, Harrison Hotel Company, at the Indiana Hotel which it operated in Fort Wayne, Indiana. On that day he was found in the toilet room of his place of work where he had fallen. A physician who was called concluded he was suffering from heat exhaustion, gave him treatment and sent him to the hospital. There his physician found a fracture of the

left transverse process of the seventh cervicle vertebrae evidently resulting from the fall. The patient fully recovered from the heat exhaustion and, after treatment for the fracture until September 22nd, he was discharged from the hospital. On September 30th, while lying on a davenport at his home and apparently in improved health, he suddenly died.

An autopsy disclosed necrotizing arteriolitis sharply limited to vessels in the right side of his brain. The cause of death was a right ' subdural hemorrhage. Appellant contends that the hemorrhage was a result of his fall on September 16th. Appellee contends it was a spontaneous hemorrhage which came from disease and was not caused by or connected with the fall or the heat exhaustion.

The Industrial Board found that death was not directly or indirectly the result of any accidental injury arising out of and in the course of his employment. This appeal presents the question as to whether such finding of the Industrial Board is sustained by sufficient evidence.

The rule is firmly established that in reviewing an award of the Industrial Board this court will not weigh conflicting evidence but will look only to the evidence most favorable to the finding of the Industrial Board to determine whether there is some evidence to sustain it.

Three doctors testified as to the cause of death. The attending physician was of the opinion that it resulted from the fall. Two pathologists, one of whom conducted the autopsy, testified that in their opinion death resulted from a spontaneous hemorrhage which came from disease and was not caused by or connected with either a fall or heat exhaustion. One of the pathologists had never seen the decedent

prior to his death and the other had never seen him, either alive or dead.

Appellant contends that the physician who attended the decedent during his lifetime was best qualified to determine the cause of his condition and resulting death.

It is not our privilege to consider the force of this argument for it goes to the weight to be given to conflicting testimony. Whether cause of death can better be ascertained from the condition of the body before or after death is a question of fact for determination by the fact-finding body. There is some competent evidence to sustain the finding of the Industrial Board and we therefore cannot disturb it.

Award affirmed.

NOTE.—Reported in 37 N. E. (2d) 707.